UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALOPEXX, INC., | Civil Action No. |
| Plaintiff, | 22-11081-FDS |
| v. | |
| XENOTHERA, | |
| Defendant. | |

MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(6)

**SAYLOR, C.J.**

This memorandum and order resolves defendant Xenothera's motion to dismiss Counts 2-4 pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. The relevant facts are set out in the court's memorandum and order denying defendant's motion to dismiss on *forum non conveniens* grounds and granting defendant's motion to stay. For the reasons set forth below, the motion to dismiss for failure to state a claim will be granted in part and denied in part.

The complaint alleges four claims: declaratory relief (Count 1), breach of contract (Count 2), breach of the implied covenant of good faith and fair dealing (Count 3), and unjust enrichment (Count 4). Defendant has moved to dismiss Counts 2-4.

With respect to the breach of contract claim (Count 2), defendant contends that the complaint does not plausibly allege that it breached the Material Transfer Agreement ("MTA"). The complaint alleges that defendant's development of the XAB05 antibody product candidate

violates two provisions of the MTA:  ¶ 1.4 ("According to the results obtained [under the initial experiment], ALOPEXX and XENOTHERA will decide whether to go on with further immunizations of the same animals, or to launch a new trial."), and ¶ 4.3 ("XENOTHERA is not allowed to conduct operations or transformations that may affect the rights of ALOPEXX, without the prior written consent of ALOPEXX.").  (Compl. ¶¶ 69-70).  It also alleges that Xenothera publicly asserted licensing rights to the AV0328 vaccine in violation of the MTA.  (Compl. ¶ 73).  The Court finds that the contract language is "susceptible of more than one meaning," and therefore ambiguous.  *Gemini Investors Inc. v. AmeriPark, Inc.*, 643 F.3d 43, 52 (1st Cir. 2011) (quoting *Citation Ins. Co. v. Gomez*, 426 Mass. 379, 381 (1998)).  "[A]mbiguities in a contract are not to be resolved through a motion to dismiss."  *Sonoiki v. Harvard Univ.*, 37 F.4th 691, 713 (1st Cir. 2022).  Accordingly, the Court will deny the motion as to Count 2.

With respect to the claim for breach of the implied covenant of good faith and fair dealing (Count 3), defendant contends that the complaint does not plausibly allege that it violated plaintiff's reasonable expectations under the contract, including because it adequately performed under the MTA.  In a breach of the implied covenant claim, "[t]he essential inquiry is whether the challenged conduct conformed to the parties' reasonable understanding of performance obligations, as reflected in the overall spirit of the bargain, not whether the defendant abided by the letter of the contract in the course of performance."  *Doe v. Brandeis Univ.*, 177 F. Supp. 3d 561, 612 (D. Mass. 2016).  The complaint alleges that defendant's development of a competitor product using antisera from the initial experiment violated "the terms and spirit of the agreement."  (Compl. ¶ 80).  Under the circumstances, that is sufficient to state a claim for breach of the implied covenant.  Accordingly, the Court will deny the motion as to Count 3.

Finally, defendant asserts that plaintiff may not pursue an unjust enrichment theory where

a valid contract covers the same subject matter. "[A] party with an adequate remedy at law cannot claim unjust enrichment." *Shaulis v. Nordstrom, Inc.*, 865 F.3d 1, 16 (1st Cir. 2017). And "[i]t is the availability of a remedy at law, not the viability of that remedy, that prohibits a claim for unjust enrichment." *Id*. Neither party appears to contest that there is a valid contract in this case. And the claim for breach of contract covers essentially the same conduct as the claim for unjust enrichment—defendant's alleged development of a competing product candidate using the AV0328 vaccine, or material derived from it. Plaintiff therefore cannot pursue its claim for unjust enrichment because there is a contractual remedy available. Accordingly, the Court will grant the motion as to Count 4.

### Conclusion

For the foregoing reasons, defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is DENIED as to Counts 2 and 3, and GRANTED as to Count 4.

**So Ordered.**

Dated: April 28, 2023

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court